**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/12/2023

THORSTEN BUSCH,

     Plaintiff,

v.

AIRBUS S.A.S., AIRBUS AMERICAS, INC.,

     Defendants.

Case No. 1:22-cv-06967-ER

PROTECTIVE ORDER

Jennifer H. Rearden, United States District Judge:

  WHEREAS, all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain non-public and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

  WHEREAS, the Parties, through counsel, agree to the following terms;

  WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protection on all disclosures or responses to discovery, and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

  WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

  WHEREAS, in light of the foregoing, and based on the representations of the Parties that discovery in this case will involve confidential documents or information, the public disclosure of which would cause harm to the producing person and/or a third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause to issue an appropriately tailored confidentiality order governing the pretrial phase of this action;

  IT IS HEREBY ORDERED that any person subject to this Protective Order—including, without limitation, the Parties to this action, their representatives, agents, experts, and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

  1.  Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (i.e., information of any kind produced or disclosed pursuant to and in the course of discovery in this action) that is designated "Confidential" or "Highly Confidential" pursuant to the terms of this Protective Order

(hereinafter, "Confidential [and/or Highly Confidential] Discovery Material") shall not disclose such Confidential or Highly Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate Confidential only such portion of such material the public disclosure of which is either restricted by law or would cause harm to the business, commercial, financial, or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that:

(a) contains previously non-disclosed financial information (including, without limitation, profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) contains previously non-disclosed material relating to ownership or control of any nonpublic company;

(c) is alleged to contain proprietary information or competitively sensitive technical, marketing, financial, sales, or other confidential business information, including, without limitation, previously non-disclosed business plans, product development information, or marketing plans;

(d) contains any private or confidential personal information, including, without limitation, information of a personal or intimate nature regarding any individual or personal data subject to federal, state, and/or foreign data protection laws or other privacy obligations, including without limitation Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data ("General Data Protection Regulation" or "EU GDPR");

(e) contains information received in confidence from third parties, which it believes meets the designation criteria set forth in paragraph 2 of this order;

(f) contains information the designating Party otherwise believes in good faith to be entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure; or

(g) contains any other category of information hereinafter given Confidential status by the Court.

3. Any person subject to this Protective Order shall also have the right to designate as "Highly Confidential" any Discovery Material that is alleged to contain trade secrets or other highly confidential research, development, commercial information, or sensitive personal information or other categories of personal data specified in the EU GDPR (hereinafter "Highly Confidential Discovery Material").

4. With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing, disclosing, or receiving

person or that person's counsel may designate such portion Confidential or Highly Confidential by: (a) stamping or otherwise clearly marking Confidential or Highly Confidential the protected portion in a manner that will not interfere with legibility or audibility—or where impractical, to label "Confidential" or "Highly Confidential" via a cover letter; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

5. With respect to deposition transcripts, a producing person or that person's counsel may designate such portion Confidential or Highly Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of both question and answer) in a separate volume and mark it as "Confidential [and/or Highly Confidential] Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days of the conclusion of a deposition, (or 21 days after receipt of the final transcript, whichever is later) (hereinafter, the "Designation Period"), of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential or Highly Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel. During the Designation Period, the entire deposition transcript will be treated as if it had been designated Confidential, unless previously designated as Highly Confidential.

6. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material previously produced by the producing person without limitation should be designated Confidential or Highly Confidential, then the producing person may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be, and treated as, Confidential or Highly Confidential under the terms of this Protective Order.

7. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence; or (d) an admission by any Party that Confidential or Highly Confidential Discovery Material disclosed in this case is relevant or admissible.

8. Where a producing person has designated Discovery Material "Confidential" or "Highly Confidential," other persons subject to this Protective Order may only disclose such Discovery Material or information contained therein to

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) any witness who, in the good-faith belief of counsel for a Party, may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(c) outside counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(d) in-house counsel for the Parties to this action and their insurers, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

(e) outside vendors or service providers (such as copy-service providers, discovery venders, document-management consultants, graphic production services, or other litigation support services) that outside or in-house counsel have hired and assigned to this matter, including computer service personnel performing duties relating to a computerized litigation system, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(f) any mediator or arbitrator engaged by the Parties in this matter or appointed by the Court, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(g) as to any document, its author, addressee, and any other person indicated on the face of the document as having received a copy;

(h) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action (hereinafter, "Expert(s)"), provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(i) stenographers and interpreters engaged to transcribe depositions conducted in this action, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto; and

(j) this Court, including any appellate court, and the court reporters and support personnel for the same.

9. Before disclosing any Confidential or Highly Confidential Discovery Material to any person referenced in subparagraphs 8(a), 8(b), 8(e), 8(f), 8(h), or 8(i) above, counsel shall provide a copy of this Protective Order to such person, who must sign a Non-Disclosure Agreement in the form attached hereto stating that the person has read the Protective Order and agrees to be bound by it. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel, either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10. At any time before the conclusion of the case, the producing Party may, on demand, require the Receiving party to produce any Non-Disclosure Agreement signed by any disclosed Expert referred to in subparagraph 8(h) who has reviewed the Producing party's Highly Confidential Discovery Material. The signed Non-Disclosure Agreement(s) shall be provided to the producing Party five calendar days after the producing Party has made said demand. Nothing herein shall require the receiving party to disclose the identity of consulting or non-testifying experts it may retain for purposes of this litigation.

11. Any Party who objects to any designation of confidentiality may, at any time prior to the trial of this action, serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. The responding party shall respond promptly, within 14 days, with its position on the challenged designations. If the Parties cannot reach agreement promptly, counsel for all Parties shall address their dispute to the Court in accordance with Rule 3.C of this Court's Individual Rules and Practices in Civil Cases. The disputed documents or other materials and information shall be treated as Confidential or Highly Confidential pending a ruling from the Court.

12. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within five business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and, further, that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate confidentiality designation.

13. Recipients of Confidential or Highly Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereof, and specifically (and by way of example and not limitations) may not use such material for any business, commercial, or competitive purpose, or in (or in connection with) any other litigation or proceeding. Nothing in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from, and not through or pursuant to, the Federal Rules of Civil Procedure.

14. Nothing herein will prevent any person subject to this Protective Order from producing any Confidential or Highly Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction. In the event that any Party (including a Qualified Person) is requested to produce Confidential or Highly Confidential Discovery Material, outside of the action, pursuant to a request for production of documents or information, interrogatory, request for admission, subpoena, deposition, or other form of discovery, the Party will object and refuse to disclose such information on the basis of this Protective Order. In the event that a Party receives a request to produce any Confidential or Highly Confidential Discovery Material, or if a Party is served with a motion to compel production of documents or information or a subpoena (in the event that the subpoena may not be objected to) that demands the disclosure of such material, they will immediately notify the party who provided the subject information ("Producing Party") of the request, demand, motion, or subpoena. The Receiving Party will allow the Producing Party thirty (30) days, or the maximum amount of time available, to contest its disclosure. If the Producing Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to this Protective Order before a determination by the court unless otherwise required by the law or court order. To the extent that the Producing Party is ordered to disclose any personal data or other confidential

information covered by the EU GDPR, the parties agree to narrowly tailor the confidential information to be disclosed, such that the Producing Party discloses only what is necessary to comply with the applicable request.

15. Nothing in this Protective Order shall preclude any Party from disclosing requests served upon it to local or national authorities, as required by law. In particular, this Protective Order permits compliance with the French Blocking Statute, codified as Decree No. 2022-207 dated February 18, 2022, as follows:

(a) Any requests served on any French entity may be disclosed to the French Strategic Intelligence and Economic Security Service, prior to producing documents.

(b) The French entity's disclosure requirements shall not cause any delay in its timely responses to requests for production, in accordance with Federal Rule of Civil Procedure 34.

(c) To the extent that Decree No. 2022-207 requires the presence of a Commissioner at any depositions or any other proceedings seeking information from persons employed by a French entity, the parties agree to permit the presence of a Commissioner during such proceedings.

(d) To the extent that any foreign entity appoints a Commissioner to take evidence pursuant to the Hague convention or other applicable foreign laws, no party will object to the appointment of such Commissioner, provided that the appointment will not alter the scope of documents to be produced by the foreign entity nor undermine the foreign entity's compliance with the Federal Rules of Civil Procedure or this Court's rules and orders.

16. In accordance with Rule 9 of this Court's Individual Rules and Practices in Civil Cases, any party filing documents under seal must first file with the Court a letter-motion explaining the basis for sealing such documents. The Parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotation omitted). There is no presumption that Confidential or Highly Confidential Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

17. All persons seeking to file documents that were designated by another person as Confidential or Highly Confidential shall not file the documents without first (a) obtaining permission from the producing party to file the documents publicly or with redactions (consistent with Rule 9(A) of this Court's Individual Rules of Practice in Civil Cases), or (b) seeking leave of Court to file the documents with redactions or under seal.

18. If the need arises during trial or at any hearing before the Court for any party to disclose in court Discovery Material designated as Confidential or Highly Confidential, it may do so only after giving notice to the designating party and as directed by the Court.

6

19. The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential or Highly Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material was previously sealed or designated Confidential or Highly Confidential.

20. In filing Confidential or Highly Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential or Highly Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System ("ECF"). The Parties shall simultaneously file under seal via ECF (with the appropriate level of restriction) an unredacted copy of the Confidential Court Submission with the proposed redactions highlighted.

21. Each person who has access to Discovery Material that has been designated Confidential or Highly Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

22. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) or information marked as Confidential or Highly Confidential and subject to the European Union's General Data Protection Regulation (EU GDPR) or other applicable data protection laws that are exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. Each Party undertakes to implement appropriate technical and organizational measures to ensure the security of the PII, including reasonable steps to protect against a breach of security, both during the transmission and storage of data. In the event that the person receiving PII experiences a data breach, the receiving person shall immediately notify the producing person of the same, take appropriate measures to mitigate possible adverse effects of such data breach, and cooperate with the producing person to address and remedy the breach. Each Party shall ensure that all persons authorized to access PII agree to maintain the confidentiality of PII. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

23. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or Highly Confidential Discovery Material that should have been designated as Confidential or Highly Confidential, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by written notification to counsel for all Parties to whom the material was disclosed that the material should

have been designated Confidential or Highly Confidential within a reasonable time after disclosure. The Party responsible for any inadvertent disclosure should ensure the return or destruction of the disclosed information, to the extent necessary to remedy the disclosure. Such notice shall constitute a designation of the Discovery Material as Confidential or Highly Confidential under this Protective Order.

24. If, in connection with this litigation, a party inadvertently or otherwise discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter, in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

25. If a disclosing party makes a claim of inadvertent disclosure of information subject to a claim of attorney-client privilege or attorney work product, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification of counsel that all such information has been returned or destroyed.

26. Within five business days of the certification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

27. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

28. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

29. This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Order is being entered without prejudice to the right of any party to move the Court for modification or relief from any of its terms.

30. This Protective Order shall survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential or Highly Confidential Discovery Material is produced or disclosed, unless modified by Order of this court or by the written stipulation of the parties filed with the Court. Within 30 days of the final disposition of this action (including any appeals), all Discovery Material designated Confidential or Highly Confidential, and all copies thereof, shall promptly be returned to the producing person. Alternatively, upon permission of the producing person, all Confidential or Highly Confidential

Discovery Material, and all copies thereof, shall be destroyed. In either event, by the 30-day deadline, the recipient must certify the return or destruction of all Confidential or Highly Confidential Discovery Material, and all copies thereof, by submitting a written certification to the producing Party that affirms that the recipient has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential or Highly Confidential Discovery Material. In the event that, at the close of litigation, Plaintiff's counsel retained in this matter is representing Claimants with similar claims against the Defendant(s) in this matter, the Parties shall meet and confer in good faith about the efficient and cost-effective reproduction of documents prior to the close of the 30-day window so that these terms do not result in excessive or unnecessary discovery costs. Notwithstanding this provision, the attorneys specifically retained by the Parties for representation in this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or Highly Confidential Discovery Material. Any such archival copies that contain or constitute Confidential or Highly Confidential Discovery Material remain subject to this Order.

31. All persons subject to this Protective Order acknowledge that willful violation of the Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder, or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

/s/ Stephen M. Reck

Dated: May 19, 2023

/s/ Christopher M. Odell

Dated: May 19, 2023

Dated: June 12, 2023
New York, New York

_____
JENNIFER H. REARDEN
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THORSTEN BUSCH,<br><br>    Plaintiff,<br><br>v.<br><br>AIRBUS S.A.S., AIRBUS AMERICAS, INC.,<br><br>    Defendants. | Case No. 1:22-cv-06967-ER<br><br>NON-DISCLOSURE AGREEMENT |

  I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated Confidential or Highly Confidential. I agree that I will not disclose such Confidential or Highly Confidential Discovery Material to anyone except as expressly permitted hereunder, other than for purposes of this litigation, and that at the conclusion of the litigation, I will either return all Confidential or Highly Confidential Discovery Material to the party or attorney from whom I received it, or, upon permission of the producing party, destroy such Confidential or Highly Confidential Discovery Material. Furthermore, I will certify to having returned or destroyed all Confidential or Highly Confidential Discovery Material. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:_____    _____